IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

RONNIE MONTGOMERY                                                                    PLAINTIFF

VS.                                                                          No. 2:04cv162-D-A

JOHN E. POTTER,
USPS POSTMASTER GENERAL
ET. AL                                                                                DEFENDANTS

OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

Presently before the Court is Defendants' motion for summary judgment. Upon due consideration, the Court finds the motion shall be granted.

*A. Factual Background*

The Plaintiff, Ronnie Montgomery, filed this action seeking damages for racial discrimination, disability discrimination and violations of his contractual rights. The Plaintiff has been United States Postal Service ("USPS") employee for more than eleven years and worked as a custodian (PS-02) at the Bulk Mail facility in Memphis, Tennessee. The Plaintiff is an African-American male with two disabilities, a shoulder impingement and mitral valve prolapse. The Plaintiff's disability apparently affects his ability to drive and lift heavy objects.

Beginning in February 2001, and continuing until February 2002, the Plaintiff submitted five requests for a transfer to the USPS' Horn Lake, Mississippi, Post Office. The Plaintiff asked for a promotion to an open Labor Custodian position (PS-03) at that facility. On October 30, 2001, the Plaintiff submitted a transfer request to Walter Bouchillion, Postmaster, Horn Lake, Mississippi. In that request, the Plaintiff indicated that he was a "36 year-old male, Disabled Veteran, African-American." The Plaintiff stated that "this reassignment/transfer would

accommodate my disability." Bouchillion contends that did not know the Plaintiff and was unaware of his race, religion, or alleged physical disabilities.

The transfer requests were forwarded to Ralph Flowers, Manager, Personnel Services in the Postal Service's Mississippi District Office. Flowers notified the Plaintiff that his office had reviewed the transfer requests and placed them on file. In January 2002, a Laborer Custodian (PS-03) position at the Horn Lake, Mississippi, Post Office opened. After the position opened, Danny Dever, a City Letter Carrier (PS-06) in the Horn Lake, Mississippi Post Office requested a downgrade to the Laborer Custodian (PS-03) position.

Pursuant to the Memorandum of Understanding between the USPS and the American Postal Workers Union ("APWU"), the Postal Service can fill vacancies first by taking an internal transfer or change an employee to a lower level. The vacant Laborer Custodian (PS-03) position was filled by placing Danny Dever in the position due to his request of a downgrade to a lower level.

The Plaintiff filed an EEOC Charge stating that the Postal Service failed to promote him due to racial and disability discrimination. On December 15, 2003, the EEOC Administrative Law Judge ("ALJ") issued an order granting summary judgment to the Postal Service. The ALJ found no discrimination on the part of the Postal Service. The USPS then issued a January 9, 2004, notice of final action accepting the decision of the ALJ.

On September 7, 2004, Arbitrator Thomas Pigford issued an arbitration award in USPS Grievance NO. H00T-1H-C. The arbitration was issued according to the collective bargaining agreement between the USPS and APWU. The grievance concerned the decision of the Horn Lake, Mississippi, Post Office not to accept the transfer of Ronnie Montgomery from the Memphis, Tennessee, Bulk Mail Center. The grievance also addressed the issue of filling the

custodial vacancy by a voluntary downgrade of a part-time flexible letter carrier. The Arbitrator upheld the action of the USPS, and determined that the Postal Service had made a complement-neutral personnel move and that no contractual violation occurred.

The Plaintiff then initiated this action alleging that Walter Bouchillion and the Postal Service had violated the collective bargaining agreement by failing to promote him. In addition, the Plaintiff stated he did not receive the promotion because of racial and disability discrimination. The Plaintiff filed claims under Title VII and the Rehabilitation Act. The Postal Service stated that it made a complement-neutral personnel move and abided by the provisions in the Memorandum of Understanding.

The Defendants now move this Court to dismiss this action and/or grant summary judgment. The Defendants state that the Plaintiff cannot make a case of racial discrimination under Title VII. In addition, the Defendants state that Plaintiff cannot maintain an action under the Rehabilitation Act. Finally, the Defendants state that Plaintiff does not have standing to sue under a contractual claim.

*B. Standard of Review*

Because matters outside the pleadings have been presented to and not excluded by the court in conjunction with this motion, the court treats this motion as one for summary judgment as provided for in Rules 12(b) and 56 of the Federal Rules of Civil Procedure.

In a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265, 275 (1986) ("the burden on the moving party may be discharged by 'showing'...that there is an absence of evidence to support the non-moving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the

non-movant to "go beyond the pleadings and by...affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274. That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202, 216 (1986). Rule 56© mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).

*C. Discussion*

1. Race Discrimination

To overcome a motion for summary judgment in a Title VII discrimination claim, the plaintiff must first establish a prima facie case of discrimination by a preponderance of the evidence. Patel v. Midland Mem'l Hosp. & Med. Ctr., 298 F.3d 333, 342 (5th Cir. 2002); see Shackelford v. Deloitte & Touche, 190 F.3d 398, 404 (5th Cir. 1999); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 801-03, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). Once the prima facie case is established, discrimination is presumed, and the burden shifts to the defendant to offer a legitimate non-discriminatory reason for the underlying employment action. See Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 317 (5th Cir. 2004); Patel, 298 F.3d at 342; Meinecke v. H &

R Block 66 F.3d 77, 83 (5th Cir. 1995) (*citing* Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 254, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981)). If the employer is able to state a legitimate non-discriminatory rationale for its employment action, then the inference of discrimination disappears and the plaintiff must present evidence that the employer's offered reason was a pretext for discrimination. Id. See Byers v. Dallas Morning News, Inc., 209 F.3d 419, 425 (5th Cir. 2000).

An employee presents a prima facie case of discrimination in a failure to promote case by demonstrating the following criteria: (1) that the employee is a member of a protected class; (2) that the employee sought and was qualified for the position; (3) that the employee was rejected from the position; and (4) that the employer continued to seek or promote applicants with plaintiff's qualifications. Haynes v. Pennzoil Co., 207 F.3d 296, 300 (5th Cir. 2000).

In the case *sub judice*, Montgomery claims that the Defendants violated Title VII by failing to promote him to the PS-03 custodial position. He claims that he applied several times and was passed over for a white male. The Court now turns to see if Plaintiff has articulated a prima facie case of discrimination. First, the Plaintiff is an African-American male, thus a member of a protected class. Second, the Plaintiff sought the PS-03 custodial position and was seemingly qualified for the position. Third, the Plaintiff was not promoted or hired to that position. Fourth, the Defendants continued to seek applicants with the plaintiff's qualifications and filled the position. Therefore, the Court is satisfied that the Plaintiff has made a prima facie case under Title VII for discrimination for failure to promote.

The Court now turns to see whether the Defendants can offer a legitimate, non-discriminatory rationale for its decision not to grant the Plaintiff's request for transfer and

promotion. The Defendants assert that Walter Bouchillion filled the position in accordance with Section A of the Memorandum of Understanding between the USPS and the APWU. That agreement allows a postmaster in his discretion to fill vacancies within the installation through internal reassignment and change to a lower level. Defendant Bouchillion filled the position in such a manner with a white male who was working at the Horn Lake facility in a level six position. Thus, the Postal Service maintains that it simply followed a procedure to reassign to a lower level first instead of promoting someone from outside the facility. The Court finds this to be a legitimate, non-discriminatory rationale for the employment decision.

The burden now shifts back to the Plaintiff to prove that the proffered reason for the employment decision was mere pretext for racial discrimination. Davis, 383 F.3d at 317. When a Title VII case reaches the pretext stage, the question on a motion for summary judgment is whether there is a conflict in substantial evidence to create a jury question regarding discrimination. Haynes v. Pennzoil Co., 207 F.3d at 300; Shackelford, 190 F.3d at 404. (*citing* Rhodes v. Guiberson Oil Tools, 75 F.3d 989, 993 (5th Cir. 1996)). For the Plaintiff to withstand summary judgment at the pretext stage, he must present credible evidence which creates a genuine issue of material fact "either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and 'another motivating factor' is the plaintiff's protected characteristic (mixed motive[s] alternative)." Rachid v. Jack In The Box Inc., 376 F.3d 305, 312 (5th Cir. 2004) (citations omitted). In order to create a jury question, there must be "a conflict in substantial evidence." Boeing Co. v. Shipman, 411 F.2d 365, 375 (5th Cir. 1969) (en banc) (overruled on other grounds). Substantial evidence includes "evidence of such quality and

weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions." Id. at 374. Further, "[a] mere scintilla of evidence is insufficient to present a question for the jury." Id. However, even if the evidence is more than a scintilla, "Boeing assumes that some evidence may exist to support a position which is yet so overwhelmed by contrary proof as to yield to a directed verdict." Neely v. Delta Brick and Tile Co., Inc., 817 F.2d 1224, 1226 (5th Cir. 1987).

The Plaintiff does not allege substantial evidence of pretext. The Plaintiff chose to spend the majority of his summary judgment brief attacking a breach of the collective bargaining agreement. In addition, Plaintiff's complaint does not allege evidence of pretext. Essentially, the Plaintiff avers, without supporting evidence, that it is his personal belief that he was not promoted because he is black and has a disability.

For a number of reasons, Plaintiff's logic, or lack thereof, fails to demonstrate pretext. First, the Plaintiff has not presented the Court with any evidence which tends to support his claim of disparate treatment. The Plaintiff asserts that another white employee was given the position despite him not being a qualified member according to the APWU. In addition, the Plaintiff stated he made numerous requests for the job. The Court notes that the Horn Lake facility was under construction when Plaintiff began filing paperwork. Even granting the Plaintiff all favorable inferences, he has not shown, and in the Court's opinion cannot show, that he was subjected to disparate treatment. The Plaintiff has not shown that the Defendants' legitimate articulation was pretextural. The Plaintiff does not dispute or make so much as a feeble attempt to demonstrate falsity of the Defendant's proffered reasons. Rather, the Plaintiff, in only conclusory terms, states that he feels or believes he was discriminated against.

Clearly, such a demonstration is woefully unworthy of a jury's consideration. It is well settled that a complainant's own subjective belief of discrimination, no matter how sincere, cannot alone serve as a basis for judicial relief. Marks v. St. Landry Parish Sch. Bd., 75 Fed. Appx. 233, 234 (5th Cir. 2003); Elliot v. Group Med. & Surgical Serv., 714 F.2d 556, 564 (5th Cir. 1983). Allowing the most generous inferences, this averment, without more, cannot and will not withstand summary judgment. Even under the recently announced modified McDonnell Douglas analysis which is plainly more plaintiff friendly, the Plaintiff's claim fails. The Plaintiff has not presented any evidence let alone any "substantial evidence" of discrimination.

The Plaintiff falls far short of creating a genuine issue of material fact. Apart from his own allegations and beliefs, the Plaintiff has not produced any evidence which demonstrates a triable issue of fact as to the Defendant's legitimate non-discriminatory reasons. Furthermore, even if the Plaintiff presented a scintilla of favorable evidence, which he has not, such would be easily overcome by the Defendants' contradictory proof.

Given the absence of evidence, the Court will not assume that discrimination was a motivating factor for the Plaintiff's discharge. There was no discriminatory motive in this case and the Defendants are entitled to judgment as a matter of law on the Plaintiff's Title VII claim.

2. Disability Discrimination

The Rehabilitation Act prohibits discrimination against qualified individuals who have a disability and who work in programs that receive federal funds. 29 U.S.C. § 794(a); Handy v. Brownlee, 118 Fed. Appx. 850, 854 (5th Cir. 2004); Kapche v. City of San Antonio, 176 F.3d 840, 844 n. 27 (5th Cir. 1999). To establish a prima facie case under the Rehabilitation Act, a plaintiff must show that he: (1) is an individual with a disability; (2) is otherwise qualified to

perform the job; (3) was employed in a program or activity that is federally funded; and (4) was discriminated against solely because of his disability. Hileman v. City of Dallas, 115 F.3d 352, 353 (5th Cir. 1997); Chandler v. City of Dallas, 2 F.3d 1385, 1390 (5th Cir. 1993). Once a prima facie case is made, courts will then apply the McDonnell Douglas burden shifting analysis. Handy, 118 Fed. Appx. at 854.[1] The burden the shifts to the defendant to produce a non-discriminatory rationale for its employment decision. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1972); see Ennis v. Nat'l Ass'n of Bus. and Educ. Radio, Inc., 53 F.3d 55, 57-58 (4th Cir. 1995) (adopting the McDonnell Douglas burden shifting framework to a claim of discrimination under the Rehabilitation Act). If evidence of a non-discriminatory reason is offered, then the burden shifts back to the Plaintiff to show that the non-discriminatory justification was mere pretext. Id.

The Court will now discuss whether the Plaintiff can maintain a prima facie case under the Rehabilitation Act. First, the Plaintiff is an individual with a disability. The Plaintiff has a shoulder impingement and also a mitral valve problem with his heart. Second, the Plaintiff appears to be otherwise qualified for the job. The Court questions whether Plaintiff's disability would affect the performance of his duties required by the sought job. The Plaintiff admitted that at times he cannot drive for a very long period of time and that his medication causes him to be

---

[1]In Handy, the Fifth Circuit noted that it had not explicitly applied the McDonnell Douglas framework to a discrimination claim brought under the Rehabilitation Act. The Court noted that at the time of the Handy decision that every other circuit except for the First and Eleventh Circuits had adopted that framework. The Fifth Circuit noted that a district court in the Fifth Circuit had applied the framework citing precedent from other circuits. See Burciaga v. West, 996 F. Supp. 628, 634 (W.D. Tex. 1998). Furthermore, the Fifth Circuit stated that had the Plaintiff in Handy made a prima facie case, the Fifth Circuit would have applied the burden shifting analysis.

lightheaded and/or dizzy. However, the Court determines that outside of that question, the Plaintiff was qualified for the position. Third, the Plaintiff was employed by the United States Postal Service, which is definitely a federally funded program. Finally, the Plaintiff alleges that he was discriminated against because of his disability. However, the standard states that it must be the sole reason for discrimination. The Plaintiff here alleges racial discrimination as well. The Plaintiff has in a sense defeated his own case. Since the Plaintiff has alleged more than one reason for discrimination, then his Rehabilitation Act claims fails. The Plaintiff cannot meet the standards for a prima facie case.

In addition, the Court finds that even if the Plaintiff could allege a prima facie case of discrimination on the basis of his disability, the Defendants can successfully rebut that presumption with a legitimate non-discriminatory rationale. The Defendants hired another person for the PS-03 custodian position on the basis of a downward move according to the Memorandum of Understanding between the USPS and the APWU. Thus, the Defendants assert a legitimate reason which lacks any hint of discriminatory intent. The Plaintiff has alleged no evidence of pretext in this case and thus, the Plaintiff's claim is doomed. Therefore, the Court finds that there is no dispute of a genuine issue of material fact and the Defendants are entitled to judgment as a matter of law on this claim.

3. Contractual/Collective Bargaining Claims

The main thrust of the Plaintiff's complaint and summary judgment brief centers on allegations that the postal service violated the collective bargaining agreement. The Defendants state that they are entitled to summary judgment because the Plaintiff does not have standing to sue and is barred because he has not alleged a breach of the duty of fair representation by the

APWU.

The agreements between the USPS and the APWU are governed by the Labor Management Relations Act ("LMRA"). 29 U.S.C. § 141 *et seq.* The LMRA is made applicable to matters concerning the Postal Service by the Postal Reorganization Act. 39 U.S.C. §§ 1209(a) and 1209(b). See Suttles v. United States Postal Service, 927 F. Supp. 990, 1012 (S.D. TX. 1996). The Postal Reorganization Act grants the federal courts jurisdiction over disputes arising under collective bargaining agreements executed by the USPS. 29 U.S.C. § 1208(b). This section is the "analogue" of section 301(a) of the LMRA. 29 U.S.C. § 185(a); National Ass'n of Letter Carriers v. United States Postal Service, 590 F.2d 1171, 1174 (D.C. Cir. 1978). "Therefore, decisions under § 301 governing an employee's right to challenge an adverse employment decision are fully applicable to the case at bar." Suttles, 927 F.2d at 1012; (*citing* McNair v. United States Postal Service, 768 F.2d 730, 735 (5th Cir. 1985); Lawson v. Truck Drivers, Chauffeurs & Helpers, 698 F.2d 250, 255-56 (6th Cir. 1982), *cert. denied*, 464 U.S. 814, 104 S. Ct. 69, 78 L. Ed. 2d 83 (1983)).

A Plaintiff's claims of a breach of the collective bargaining agreement are subject to the terms and conditions of that agreement that govern the enforcement of the employee's rights. Vaca v. Sipes, 386 U.S. 171, 184, 87 S. Ct. 903, 913-14, 17 L. Ed. 2d 842 (1967). An employee must exhaust all grievance and arbitration procedures established within the collective bargaining agreement. See Eitman v. New Orleans Public Service, Inc., 730 F.2d 359, 362 (5th Cir. 1984) (*citing* Republic Steel Corp. v. Maddox, 379 U.S. 650, 653, 85 S. Ct. 614. 616-17, 13 L. Ed. 2d 580 (1965)).

When a collective bargain agreement established a mandatory, binding grievance

procedure and gives the union the exclusive right to pursue claims on behalf of aggrieved employees, the results obtained by the union are normally conclusive of the employees' rights under that agreement. See e.g. Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 568, 96 S. Ct. 1048, 1058, 47 L. Ed. 2d 231 (1976); Vaca, 386 U.S. at 185, 87 S. Ct. at 914; McNair, 768 F.2d at 735; Suttles, 927 F. Supp. at 1012. Thus, an aggrieved employee whose employment is governed by a collective bargaining agreement normally lacks standing independently to initiate grievance procedures, sue for breach of the collective bargaining agreement, or to attack in court the results of the grievance process. McNair, 768 F.2d at 735; Acuff v. United Papermakers & Paperworkers, 404 F.2d 169, 171 (5th Cir. 1968), *cert. denied*, 394 U.S. 987, 89 S. Ct. 1466, 22 L. Ed. 2d 762 (1969).

However, these rules are not without exceptions. If the union had breached its duty of fair representation by arbitrarily refusing to pursue a claim through the grievance process or by doing so in a perfunctory or otherwise inadequate manner, the aggrieved employee will not be foreclosed by the results of the grievance process. Id. The aggrieved employee may bring a "hybrid" claim suing his employer or his union or both but, in order to recover, the employee must prove that "(1) the union breached its duty of fair representation, and (2) the employer breached the collective bargaining agreement." Guitierrez v. United Foods, Inc., 11 F.3d 556, 559 (5th Cir. 1994), cert denied, 511 U.S. 1142, 114 S. Ct. 2164, 128 L. Ed. 2d 887 (1994); Daigle v. Gulf State Utils. Co., 794 F.2d 974, 977 (5th Cir. 1986), *cert. denied,* 479 U.S. 1008, 107 S. Ct. 648, 93 L. Ed. 2d 704 (1986) (*citing* DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 166, 103 S. Ct. 2281, 2291-92, 76 L. Ed. 2d 476 (1983); McNair, 768 F.2d at 735; Suttles, 927 F. Supp. 1013). These claims are termed "hybrid actions" because they consist of a

claim against a union for breach of its duty for fair representation and a claim that an employer violated a collective bargaining agreement. Thomas v. LTV Corp., 39 F.3d 611, 621 (5th Cir. 1994) (*citing* Reed v. United Transp. Union, 488 U.S. 319 , 328, 109 S. Ct. 621, 627, 102 L. Ed. 2d 665 (1989); DelCostello, 462 U.S at 164, 103 S. Ct. at 2290-91).

The Plaintiff's complaint and contractual claims seek to do two things. First, the Plaintiff seeks this Court to review and vacate the arbitration award. Second, the Plaintiff seeks to assert claims for discrimination under Title VII and the Rehabilitation Act. The Plaintiff has succeeded in the second part and the Court has found the Plaintiff's case lacking. The Court now turns to Plaintiff's first claim.

It is well-settled law that a Plaintiff cannot bring an independent action on the basis of a breach of the collective bargaining agreement without also alleging a breach of fair representation by his union. In the case *sub judice*, it is abundantly clear that the Plaintiff has not alleged a breach of fair representation by the APWU. Therefore, under well-settled law and the LMRA, the Plaintiff lacks standing to file a claim based upon a breach of the collective bargaining agreement.

In addition, the Plaintiff is normally barred from pursuing a review of an arbitration award. However, a Plaintiff asserting a statutory claim is not precluded from bringing claims associated with those statutes. See McDonald v. City of West Branch, 466 U.S. 284, 104 S. Ct. 1799, 80 L. Ed. 2d 302 (1984); Barrentine v. Arkansas-Best Freight Systems, Inc., 450 U.S. 728, 101 S. Ct. 1437, 67 L. Ed. 2d 641 (1981); Alexander v. Gardner-Denver Co., 415 U.S. 36, 94 S. Ct. 1011, 39 L. Ed. 2d 147 (1974). Specifically, a Plaintiff asserting a claim under Title VII is not precluded from suit by a arbitration decision. Alexander, 415 U.S. at 54, 94 S. Ct. 1022. The

Supreme Court found that a statutory right could be independent of the arbitration process and that Congress intended those statutes to be judicially enforceable. Id.; McDonald, 466 U.S. at 290, 104 S. Ct. at 1803.

The Court here has adequately and independently reviewed the Plaintiff's statutory claims. The Court is satisfied with its decision on those claims and the decisions of the Administrative Law Judge and the Arbitrator. Thus, the Court recognizes the Plaintiff's right to file independent claims, but also finds he lacks standing on any of his contract claims. Thus, the Court finds there is no genuine issue of material fact and the Defendants are entitled to judgment as a matter of law.

*D. Conclusion*

In light of the preceding discussion, the Court finds that the Plaintiff cannot maintain a claim for racial discrimination under Title VII. The Plaintiff failed to produce any proof of pretext and thus the Defendants are entitled to judgment as a matter of law. In addition, the Court finds that the Plaintiff cannot maintain a claim for discrimination under the Rehabilitation Act because he cannot maintain a prima facie case. The Plaintiff did not allege that his disability was the sole reason for discrimination. Thus, his claim fails and Defendants are entitled to judgment as a matter of law. Finally, the Plaintiff's contractual claims fail because he lacks standing to raise those issues under the LMRA. The Plaintiff failed to allege that the APWU failed to fairly represent him. Thus, his claims fail and the Defendants are entitled to judgment as a matter of law. Therefore, the Defendant's motion for summary judgment will be granted and all of Plaintiff's claims are dismissed.

A separate order in accordance with this opinion shall issue this day.

This the 6th day of March 2006.

/s/ Glen H. Davidson
Chief Judge